J. A. Martin and Hilma Martin, et al.,[1] Petitioners v. Commissioner of Internal Revenue, Respondent

Docket Nos. 2875–70—2879–70. Filed September 7, 1971.

J. A. Martin, pro se.

*D. Donald Morello*, for the respondent.

Dawson, *Judge:* In these consolidated cases respondent determined the following deficiencies in petitioners' Federal income taxes for the year 1967:

| Petitioners | Docket No. | Deficiency |
|---|---|---|
| J. A. Martin and Hilma Martin | 2875–70 | $33, 002. 68 |
| Damp Trust No. 1, J. A. Martin, trustee | 2876–70 | 22, 103. 00 |
| Damp Trust No. 2, J. A. Martin, trustee | 2877–70 | 22, 103. 00 |
| Damp Trust No. 3, J. A. Martin, trustee | 2878–70 | 22, 103. 00 |
| Damp Trust No. 4, J. A. Martin, trustee | 2879–70 | 22, 103. 00 |

Certain issues have been resolved by agreement of the parties. The only issue remaining for decision is whether Castle Gardens, Ltd., a partnership composed of the petitioners, correctly reported $225,000 of rental income received in 1967 as taxable income in 1966 as a result of an agreement, labeled an "Assignment of Rents," which it entered into with the Vannie Cook Trusts.

---

[1] Cases of the following petitioners are consolidated herewith: Damp Trust No. 1, J. A. Martin, trustee, docket No. 2876–70; Damp Trust No. 2, J. A. Martin, trustee, docket No. 2877–70; Damp Trust No. 3, J. A. Martin, trustee, docket No. 2878–70; and Damp Trust No. 4, J. A. Martin, trustee, docket No. 2879–70.

FINDINGS OF FACT

Most of the facts have been stipulated. The stipulation of facts and supplemental stipulation, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioners in docket No. 2875–70, J. A. Martin and Hilma Martin, were husband and wife during all times material to these proceedings. Their legal residence is in Dallas, Tex. Damp Trust No. 1, Damp Trust No. 2, Damp Trust No. 3, and Damp Trust No. 4, petitioners in docket Nos. 2876–70 through 2879–70, respectively, are complex inter vivos trusts, of which J. A. Martin, petitioner in docket No. 2875–70, is trustee. The legal residence of each such trust is Dallas, Tex. The returns for the period here involved were filed with the district director of internal revenue at Dallas, Tex.

On May 19, 1970, the date on which the petitions in these proceedings were filed, the residence of each of the petitioners was Dallas, Tex.

Castle Gardens, Ltd., was formed on July 5, 1962. During the years 1962 and 1963 its principal business activity was to plan and arrange for the financing of an apartment building. During the year 1964 the construction of an apartment building began.

As of May 12, 1965, the Castle Gardens, Ltd., members amended their partnership agreement to designate J. A. Martin as general partner and J. A. Martin, trustee of the Damp Trusts, as limited partner. This agreement also provided that the general partner and the limited partner would respectively contribute 30 percent and 70 percent of the expenses of actual cost of the apartment project over proceeds of a loan insured by the Federal Housing Administration to the partnership in cash.

During both calendar years 1966 and 1967, Castle Gardens, Ltd., was a partnership reporting on a cash receipts and disbursements method of accounting on a calendar year basis. J. A. Martin individually owned 30-percent interest in Castle Gardens, Ltd., and the Damp Trusts owned the remaining 70-percent interest equally—17.5 percent per trust. Throughout both 1966 and 1967, Castle Gardens, Ltd., owned and operated an 11-story apartment building in San Antonio, Tex. J. A. Martin was sole general partner of Castle Gardens, Ltd., during 1966 and 1967.

Tenants of the Castle Gardens apartment building paid rent of $65,318.18, $267,108.62, and $355,614.43 during the years 1965, 1966, and 1967.

In late December 1966, J. A. Martin, as general partner of Castle Gardens, Ltd., trustee of the Damp Trusts, and financial and tax adviser to Vannie E. Cook, Jr., devised a plan to help solve "tax problems" of the petitioners. Thus, on December 27, 1966, J. A. Martin,

as general partner of Castle Gardens, Ltd., and Vannie E. Cook, Jr., of the Vannie Cook Trusts executed an agreement entitled "Assignment of Rents" which provides as follows:

WHEREAS, Castle Gardens, Ltd., a limited partnership organized under the laws of the State of Texas, of which J. A. Martin is sole general partner, hereinafter referred to as "Assignor" is the owner of that certain eleven story apartment house situated at 6701 Blanco Road, San Antonio, Texas known as Wedgwood Apartments; and

WHEREAS, said Wedgwood Apartments are currently operating and have a substantial number of rent paying tenants therein; and

WHEREAS, Assignor is desirous of selling at this time rents to be received from and after January 1, 1967; and

WHEREAS, Vannie Cook Trusts of McAllen, Texas, acting by and through their Trustee, Vannie E. Cook, Jr., hereinafter referred to as "Assignee", are desirous of purchasing such future rents at a mutually agreeable discount:

Now Therefore:

The parties hereto do hereby agree as follows:

1. Assignor does hereby bargain, sell, transfer and assign to Assignee all its rents collected by Assignor in respect of all tenants in said Wedgwood Apartments from and after January 1, 1967 until such time as Assignee has received from such assigned rents the primary sum of $225,000.00 plus a secondary sum equal to seven percent (7%) per annum computed from time to time on the unrecovered balance of said primary sum, in consideration of the payment by Assignee to Assignor of $225,000.00 cash, the receipt and sufficiency of which are hereby acknowledged.

2. Assignor does not guarantee that the amount of rents assigned to Assignee in the paragraph immediately preceeding will actually be collected, but Assignor agrees to keep all bills and other obligations paid in respect of said Wedgwood Apartments open and operating in a businesslike manner for a period of two years from date. In the event of partial or total destruction of the Wedgwood premises, Assignor agrees immediately to repair or reconstruct such premises as speedily as possible, and in such event, the two year period herein mentioned shall be extended by the time during which said premises are not open for full rental operation.

On December 27, 1966, Castle Gardens, Ltd., deposited in its bank account a check for $225,000 from the Vannie Cook Trusts representing the amount indicated in the "Assignment of Rents."

On December 27, 1966, Castle Gardens, Ltd., issued the following checks:

| Check No. | Payee | Amount |
|---|---|---|
| 341 | J. A. Martin | $61,000 |
| 342 | Vannie Cook Trusts | 20,000 |
| 343 | Jewell Reed Trusts | 144,000 |
| Total | | 225,000 |

Castle Gardens, Ltd., reported the $225,000 received from the Vannie Cook Trusts as taxable gross income from rents in the calendar year 1966.

By September 19, 1967, Castle Gardens, Ltd., had paid $232,359.47 to the Vannie Cook Trusts as provided for in the instrument entitled "Assignment of Rents" in full discharge thereof.

The Castle Gardens, Ltd., partnership income tax returns reflect net rent income computed as follows:

|  | 1966 | 1967 |
|---|---|---|
| Collections from tenants | $267, 108. 62 | $355, 614. 43 |
| Received from Vannie Cook Trusts on 12/27/66 | 225, 000. 00 | |
| Paid to Vannie Cook Trusts during period 1/1/67 through 9/19/67 | | (232, 359. 47) |
| Rent income | 492, 108. 62 | 123, 254. 96 |

Castle Gardens, Ltd., had a large loss for the year 1966. Even with the $225,000 received from the Vannie Cook Trusts included in partnership income for 1966, a loss in the amount of $15,603.72 resulted.

The 1966 returns filed by all of the petitioners show no tax due. On each of these returns the distributive share of the reported loss from Castle Gardens, Ltd., is claimed.

The $225,000 received from the Vannie Cook Trusts, and reported as 1966 rent income by Castle Gardens, Ltd., was not 1966 rent income from the tenants of the apartment building owned by Castle Gardens, Ltd.

The $232,359.47 paid to the Vannie Cook Trusts by Castle Gardens, Ltd., in 1967 in discharge of the "Assignment of Rents," was 1967 rent income from the apartment building owned by Castle Gardens, Ltd.

The failure of Castle Gardens, Ltd., to report the $232,359.47 rent income from its tenants in 1967 increased its claimed loss by that amount. The petitioners' distributive share of the increased loss from Castle Gardens, Ltd., resulted in no tax being paid by petitioners Damp Trust Nos. 1—4, and a minimal tax being paid by petitioners J. A. and Hilma Martin.

In his notices of deficiencies dated April 1, 1970, respondent determined that J. A. Martin's distributive share of ordinary loss from Castle Gardens, Ltd., was $67,500 less than the amount reported on his 1967 Federal income tax return, and that each Damp Trust's distributive share of ordinary loss was $39,375 less than the amount reported on its return.

### ULTIMATE FINDINGS

The $225,000 reported as 1966 rent income of Castle Gardens, Ltd., constituted taxable income from the year 1967. The transaction, which in form was an "Assignment of Rents," was in substance a loan by the Vannie Cook Trusts to Castle Gardens, Ltd.

OPINION

The parties agree that the narrow question to be decided by the Court is the year in which the $225,000 should be treated as taxable income, viz, whether in 1967 when the rents were received or in 1966 when it was paid by the Vannie Cook Trusts to Castle Gardens, Ltd., the partnership composed of the petitioners.

Petitioners contend that the $225,000 constituted "proceeds from the sale of rents" received by them on December 27, 1966, and properly included in their taxable income in 1966. It is their position that this was both the form and the substance of the transaction. To the contrary, respondent argues that its substance was a loan by the Vannie Cook Trusts to Castle Gardens, Ltd., and that the partnership received $225,000 of rent income in 1967 which is includable in taxable income for that year.

In our judgment the respondent's characterization of the transaction is correct. In substance, we view it as a loan. The panoply of the language used in the "Assignment of Rents" agreement does not persuade us that there was a "sale" of future rents. Whether a bona fide "sale" has occurred depends not upon the form of the transaction but its substance. *Higgins* v. *Smith*, 308 U.S. 473, 477–478 (1940). We think the payment of the "secondary 7-percent sum" of $7,359.47 was plainly interest.

A close look at the transaction reveals that the partnership retained, at all times, the ownership of the apartment building and "assigned" only a specified dollar amount of future rents plus a specified interest on that amount. The "assignment" did not result in any substantial change in the partnership's dominion and control over the property and no indicia of ownership in the apartment building were given to the Vannie Cook Trusts. In fact, Castle Gardens, Ltd., continued to lease the apartment building and collect the rents. Thus, when he caused the "Assignment of Rents" agreement to be executed, J. A. Martin merely exercised, in advance, his power to dispose of the income from the apartment building. In other words, the partnership kept the "tree" but claims to have assigned part of the "fruit." Under these circumstances, where there has been no effective separation of the "fruit" from the "tree," the law clearly taxes income when and as received. Income from property is taxable to the owner of such property, and a mere assignment of the right to receive such income is not enough to relieve the assignor of the tax. *Helvering* v. *Horst*, 311 U.S. 112 (1940); *Arthur T. Galt*, 19 T.C. 892 (1953), affd. 216 F. 2d 41, 46 (C.A. 7, 1954), certiorari denied 348 U.S. 951; and *Iber* v. *United States*, 409 F. 2d 1273, 1276 (C.A. 7, 1969).

Toward the end of December 1966, J. A. Martin, as general partner of the Castle Gardens, Ltd., as trustee of the Damp Trusts, and as financial and tax adviser of Vannie E. Cook, Jr., devised a method to solve the tax problems of the petitioners. He induced Mr. Cook, as trustee of the Vannie Cook Trusts, to enter into an agreement to advance $225,000 to the Castle Gardens, Ltd. Such amount was to be repaid from rents received from the tenants of the apartment building after January 1, 1967. An agreement, entitled "Assignment of Rents," was executed which provided for the payment of a "secondary sum" to be repaid in addition to the principal amount. The wording of the agreement is that Castle Gardens, Ltd., would continue to pay over to the Vannie Cook Trusts all rents received from the tenants of the apartment building until such time as the Vannie Cook Trusts—

has received from such assigned rents the primary sum of $225,000.00 plus a secondary sum equal to seven percent (7%) per annum computed from time to time on the unrecovered balance of said primary sum * * *

By September 19, 1967, Castle Gardens, Ltd., had paid $232,359.47 to the Vannie Cook Trusts, all that was provided for in the "Assignment of Rents" agreement, i.e., the $225,000 principal amount plus the secondary 7-percent amount of $7,359.47. The amount repaid to the Vannie Cook Trusts in 1967 came from rents received by the Castle Gardens, Ltd., from the tenants of its apartment building.

An anticipatory assignment, such as this, no matter how ingeniously and elegantly contrived, is not to be disposed of by attenuated subtleties. We conclude that the transaction instigated by J. A. Martin was purely and simply a device to avoid the proper taxation of the petitioners.

Petitioners' reliance on section 451(a), I.R.C. 1954, is misplaced. The $225,000 of rent income in question was actually received in 1967. Under section 451(a) this item of gross income must be included in the gross income of the partnership for the year 1967.

*Lucas* v. *Earl*, 281 U.S. 111 (1930), on which petitioners rely, supports respondent's position. The "sale" or "assignment" of the future rent income from the petitioners' apartment building did not relieve the partnership from the tax consequences when the income was actually received.

The cases *Automobile Club* v. *Commissioner*, 353 U.S. 180 (1957), *North American Oil* v. *Burnet*, 286 U.S. 417 (1932), and *Commissioner* v. *P. G. Lake, Inc.*, 356 U.S. 260 (1958), all cited by petitioners, are inapposite.

Accordingly, we hold that the $225,000, when received in 1967 by Castle Gardens, Ltd., as rent income from the tenants of the apartment building, constituted rent income to the petitioners in 1967.

*Decisions will be entered under Rule 50.*